IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WOOLFORD, : | |
|     Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. 22-CV-3757 |
| : | |
| DETECTIVE THOMAS BARTOL, *et al.* : | |
|     Defendants. : | |

### MEMORANDUM

**BAYLSON, J.**                                                                                                     **OCTOBER 20, 2022**

*Pro se* Plaintiff Robert Woolford brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Woolford seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Woolford leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTUAL ALLEGATIONS

Woolford's claims arise from an alleged unconstitutional arrest, prosecution, and conviction. (Compl. at 1-2.)[1] He names the following Defendants: (1) Detective Thomas Bartol, "Arresting Officer"; (2) Assistant Commonwealth Attorney; (3) the Philadelphia Police Department; (4) the "Commonwealth Attorney for Philadelphia County"; (5) John Does 1-3; and (6) the City of Philadelphia. Although not named in the Caption, in the body of the Complaint Woolford appears to also assert claims against the "Commonwealth Attorney's Office of the County of Philadelphia." (*See* Compl. at 1-2.) The Court therefore liberally construes the

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Complaint as raising claims against a seventh Defendant, which the Court understands to be the Philadelphia District Attorney's Office.

Woolford alleges that he was arrested on March 22, 2021 by the Philadelphia Police Department and charged with "possessing a firearm." (*Id*. at 1-2.) He further alleges the "charges were inaccurate, incorrect, inflated and generally wrong." (*Id*. at 2.) Woolford alleges that he initially pled not guilty to the charges, but that later on in the prosecution, he pled guilty. (*Id*.) He alleges that the Assistant Commonwealth Attorney "presented suborned, false testimony" that the attorney knew was false "in order to force" Woolford "into a position where . . . if he exercised his right to go to trial, he would be punished not for the crime he had allegedly committed, but for having exercised that constitutionally guaranteed right." (*Id*.) Woolford states that he was "placed in a position wherein he was essentially forced to take the plea" because he was "told that if he dared go to trial . . . [and] lost, he would be sentenced . . . to the maximum." (*Id*.) Woolford also alleges that the Commonwealth attorney withheld exculpatory evidence and that his defense attorney "colluded with the tortfeasors to force [Woolford] into taking the plea." (*Id*.) Finally, Woolford alleges that:

> these actions – ranging from the initial unconstitutional arrest, search, seizure, and detainment of the plaintiff's person, failure to provide medical treatment while incarcerated, to the charging of the plaintiff with crimes the district attorney's office knows within a reasonable degree of certainty that he did not commit . . . – are the result of customs, policies, and procedures, written or unwritten, of the Philadelphia police department and the Commonwealth Attorney's Office of the County of Philadelphia.

(*Id*. at 2-3.)

Based on these allegations, Woolford asserts constitutional claims under § 1983. He requests money damages and "an injunction interdicting such behavior in the future." (*Id*. at 4-

5.)² The public docket for the underlying criminal case confirms that Woolford was arrested on March 25, 2021 in Philadelphia by Defendant Thomas Bartol, and charged with carrying a firearm in public and without a license, possessing an instrument of crime, terroristic threats, and recklessly endangering another person. *See Commonwealth v. Woolford*, CP-51-CR-0002915-2021 (C.P. Phila.). He was sentenced on July 11, 2022 to three years of probation. *See id.*

## II.   STANDARD OF REVIEW

The Court will grant Woolford leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Woolford is proceeding *pro*

---

² Woolford's request for injunctive relief is unclear. The Court does not understand what "behavior" he seeks to enjoin. In any event, there are no allegations in the Complaint suggesting that Woolford is likely to be subjected to the behavior described in the Complaint in the future. Accordingly, his request for an injunction will be dismissed.

*se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). For the following reasons, Woolford's claims are not plausible.

### A.   Claims Against Assistant Commonwealth Attorney, the Commonwealth Attorney for Philadelphia County; and John Does 1-3

The Court understands Woolford to assert constitutional claims against individuals alleged to have prosecuted him based on their decision to charge him and based on their conduct during his prosecution, including in securing his plea agreement. These Defendants include the Assistant Commonwealth Attorney, the Commonwealth Attorney for Philadelphia County, and John Does 1-3.[3] When a plaintiff seeks damages in a civil rights lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549

---

[3] It is unclear from the Complaint whether the Assistant Commonwealth Attorney and the Commonwealth Attorney for Philadelphia County are the same person. In the Complaint, Woolford refers to the John Doe defendants as "support staff" for the prosecuting attorneys. (Compl. at 1.)

4

U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The *Heck* bar applies to convictions based on guilty pleas. *See Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005) ("[U]nder *Heck*, both a guilty plea and an ARD are sufficient to bar a subsequent § 1983 claim."); *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 646 (E.D. Pa. 2014) ("A finding that the charges brought against Plaintiff were based upon fraud would necessarily call the propriety of his guilty plea and conviction into question, and is therefore *Heck*-barred.").

Woolford alleges that the prosecutor Defendants failed to disclose exculpatory evidence and "presented suborned, false testimony" of a witness. (Compl. at 2.) He further alleges that he was "forced" to enter a guilty plea to charges of which he is innocent and that the resulting conviction was "procured through force, duress, and connivance, pursuant to suborned and false evidence." (*Id.*) He seeks money damages on his claims.[4] However, the Complaint does not allege that Woolford's convictions were invalidated. Consistent with his Complaint, Woolford's public criminal docket reflects that the convictions are still valid. Accordingly, he has failed to state a claim based on the alleged unconstitutionality of his prosecution or conviction. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983.").

---

[4] Woolford is not detained so does not seek release from confinement as relief.

In other words, because Woolford's claims challenging his guilty plea and the prosecution methods that led to his guilty convictions imply the invalidity of those intact convictions, they are not cognizable in a § 1983 action. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (holding that *Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Coello v. DiLeo*, 43 F.4th 346, 354 (3d Cir. 2022) (concluding that Sixth and Fourteenth Amendment claims were *Heck*-barred where they were based on allegations that the plaintiff's criminal proceedings were conducted unlawfully and without her counsel present); *Smith v. Holtz*, 879 F. Supp. 435, 442 (M.D. Pa. 1995) (holding that *Heck* applied to Fourteenth Amendment due process claim for deprivation of a fair trial due to the withholding of exculpatory evidence).

In any event, even if Woolford's claims were not *Heck*-barred, the claims would nevertheless be dismissed against these Defendants. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020 ). Woolford's damages claims against these Defendants involve the prosecution of criminal charges and are thus intimately associated with the judicial phase of the criminal process. Accordingly, absolute prosecutorial immunity provides an alternative basis for dismissal.

B.       **Claims against Detective Thomas Bartol**

Woolford's false arrest, false imprisonment, and unlawful search and seizure claims are not the type of claims that are categorically barred by *Heck*, but these claims fail for other reasons. *See Heck*, 512 U.S. at 487 n.7 (discussing unlawful search claims); *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence").

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). "A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." *Montgomery*, 159 F.3d at 126; *see also Wallace*, 549 U.S. at 389 ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges."). Although searches generally require probable cause or, at least, reasonable suspicion, there are exceptions including one that permits an arresting officer to perform a search incident to an arrest. *See*

7

generally *Birchfield v. North Dakota*, 579 U.S. 438, 455-61 (2016) (discussing the search-incident-to-arrest doctrine).

Woolford names as a Defendant the officer that arrested him, Detective Thomas Bartol, in connection with these claims.  However, Woolford does not include any allegations about the arrest itself to support an inference that the arrest was unconstitutional.  In his Complaint, Woolford vaguely references an "initial unconstitutional arrest, search, seizure and detainment." (Compl. at 2.)  However, he provides no facts to support these Fourth Amendment claims. Without any details, the Court is unable to discern whether Woolford can plausibly state a Fourth Amendment or other constitutional claim against Detective Bartol.  *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").  Moreover, to extent that Woolford's claims against Detective Bartol involve his participation in his prosecution, then those claims are barred by *Heck*, for the same reasons the Court already noted.  *See supra* at § III.A.  Because Woolford fails to describe how Detective Bartol personally acted to violate his civil rights, the Court will dismiss any claims against this Defendant.

      **C.**    **Claims against City of Philadelphia, the Philadelphia Police Department, and the Philadelphia District Attorney's Office**

Woolford alleges that the violations of his constitutional rights — including "the initial unconstitutional arrest, search, seizure, and detainment . . . [and] failure to provide medical treatment while incarcerated"[5]. . .—"are the result of customs, policies, and procedures, written

---

[5] The Complaint contains no allegations about Woolford being incarcerated at any point nor about an alleged denial of medical care while he was incarcerated.  Accordingly, the Court does

and unwritten" of the City of Philadelphia, the Philadelphia Police Department, and of the "Commonwealth Attorney's Office of the County of Philadelphia" (Compl. at 2), which the Court construes as the Philadelphia District Attorney's Office.[6] The Court understands Woolford to be asserting a municipal liability claim against the City of Philadelphia, the Philadelphia District Attorney's Office, and the Philadelphia Police Department.

To plead a claim against a municipal entity under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that

---

not construe the Complaint as raising a claim based on the conditions of Woolford's confinement.

[6] To the extent that Woolford intended to name the Pennsylvania Attorney General's Office as a Defendant, it would be immune from suit under the Eleventh Amendment. *Malcomb v. Beaver Cnty. Penn. (Prothonotary)*, 616 F. App'x 44, 45 (3d Cir. 2015) (*per curiam*) (affirming dismissal of § 1983 claims against the Pennsylvania Attorney General's Office because it is "immune from [plaintiff's] § 1983 claims under the Eleventh Amendment").

its failure, at least in part, led to [plaintiff's] injury." *Id*. (internal quotations and alterations omitted).

Woolford alleges only that his constitutional rights were violated by "customs, policies, and procedures, written and unwritten" of the City of Philadelphia, the Philadelphia Police Department, and of the Philadelphia District Attorney's Office. These conclusory allegations are insufficient to state a plausible basis for *Monell* liability. Woolford merely pleads the existence of a policy or custom but does not elaborate on "what exactly that custom or policy was" or provide any factual details about the custom or policy to state a plausible claim. *McTernan*, 564 F.3d at 658 (affirming dismissal of claims against a municipality because the plaintiff alleged only that he was injured by "the City's policy of ignoring First Amendment right[s]"). Using the words "custom" and "policy" is not enough. Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim. *Id*. at 659; *see, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*." (citing cases)). Accordingly, Woolford has failed to state a municipal liability claim against the municipal Defendants.[7]

Moreover, even if Woolford had sufficiently alleged a policy or custom, the Philadelphia Police Department and the Philadelphia District Attorney's Office are not proper entities subject to suit under § 1983. *Martin v. Red Lion Police Dept*., 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to § 1983 because it is a sub-division of its municipality); *Reitz v. Cty. of Bucks*, 125 F.3d 139, 148

---

[7] Furthermore, to the extent any of the challenged policies or customs are alleged to have resulted in Woolford's unconstitutional prosecution, conviction, or imprisonment, they are barred by *Heck*, as set forth above.

(3d Cir. 1997) ("[T]he Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability."); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."). *But see Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) ("[T]he Court concludes that neither § 16257 nor Reitz bars suit against the D.A.'s Office under the circumstances of this case."). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia). Accordingly, the Philadelphia Police Department and the Philadelphia District Attorney's Office will be dismissed as they are not proper Defendants.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss Woolford's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Woolford's request for an injunction and his claims against the Philadelphia Police Department and the Philadelphia District Attorney's Office will be dismissed with prejudice because Woolford cannot cure the defects in those claims. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Woolford's claims against the Assistant Commonwealth Attorney, the Commonwealth Attorney for Philadelphia County, and John Does 1-3 will be

dismissed with prejudice because those Defendants are immune from suit under § 1983.  Finally, Woolford's false arrest, false imprisonment and illegal search and seizure claims against Detective Bartol and the City of Philadelphia will be dismissed without prejudice.  Woolford will be granted the option of filing an amended complaint to assert a plausible basis for these claims.

An appropriate Order follows.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**